UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  26-23939-CV-MIDDLEBROOKS

MICHEL AVILA DE LA NUEZ
also known as
MICHEL AGUILA DE LA RUIZ,

      Petitioner,

v.

WARDEN, KROME PROCESSING CENTER,
*et al.*,

      Respondents.

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on the *pro se* Petition for Writ of Habeas Corpus ("Petition") (DE 1) brought pursuant to 28 U.S.C. § 2241 by Petitioner Michel Avila De La Nuez also known as Michel Aguila De La Ruiz ("Petitioner") challenging his continued detention by immigration officials.  As relief, Petitioner seeks immediate release from immigration custody. (*Id.* at 8).

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Courts have the authority to summarily dismiss a § 2241 petition if "[i]t plainly appears from [the] petition that [petitioner] is not entitled to § 2241 relief."  *Morgan v. Warden*, 589 F. App'x 530, 531 (11th Cir. 2015) (citing *Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014)); *see also* 28 U.S.C. § 2243 (providing that a § 2241 petition can be dismissed if "[i]t appears from the application that the applicant or person detained is not entitled [to the relief requested.]").  Thus, "[f]ederal courts are authorized to dismiss summarily any habeas

petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

As applied, Petitioner previously filed a § 2241 Petition challenging his continued immigration detention. *See De La Nuez v. Dep't of Homeland Security, et al.*, No. 1:26-cv-21771-DMM (S.D. Fla. Mar. 17, 2026) ("*De La Nuez I*") (1DE 1). There, Petitioner argued that his prolonged detention by immigration officials violated his due process rights and he sought immediate release from custody. (*Id.* at 7). Respondents filed a response ("Response") (DE 9) arguing that Petitioner was subject to mandatory detention pursuant to 28 U.S.C. § 1226(c)(1). On May 29, 2026, after I considered the Petition, Response, pertinent portions of the record, and relevant authorities, I found Petitioner's detention was not unreasonably prolonged and that there did not appear to be any delay in progression of the immigration proceedings. (DE 13 at 8–9). Alternatively, I also determined that, even if Petitioner's delay became unreasonably delayed, he had not met his burden of demonstrating that he deserved the relief requested—immediate release from custody. (*Id.* at 9). In so holding, I found Petitioner had previously been granted release from custody by immigration officials but failed to remain at liberty without violating the terms and conditions of his release. (*Id.*). As a result, while I had the power to grant the petition in part, I found I was not bound to do so and determined that equitable principles dictated that I deny the Petition. (*Id.*).

Just three (3) days later, on June 1, 2026, Petitioner executed and filed this second § 2241 Petition. (DE 1 at 9). Petitioner again challenges the legality of his immigration detention and requests that I enter an Order directing Respondents to immediately release him from custody. (*Id.* at 8). I now summarily dismiss this duplicative Petition because Petitioner is not entitled to the

relief he is requesting for the same reasons I gave when I rejected *De La Nuez I*. *See* Order Denying Petition for Writ of Habeas Corpus at 9–10, *De La Nuez I*, (DE 13).

Here, Petitioner offers no new factual or legal arguments that would constitute a material change in circumstances warranting a different result. Because I still find Petitioner is subject to mandatory detention and alternatively not entitled to relief from immigration on equitable principles, this Petition shall be dismissed.

For all the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Petition (DE 1) is **DISMISSED**;

2.  All pending motions not otherwise ruled upon are **DENIED, as moot**; and

3.  The Clerk shall **CLOSE** this case.

**SIGNED** in Chambers at West Palm Beach, Florida this 5th day of June, 2026.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to**:

**Michel Avila De La Nuez,** *Pro Se* **a/k/a**
**Michel Aguila De La Ruiz,** *Pro Se*
Alien # 088848800
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

**United States Attorney**
Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov

**U.S. Immigration & Naturalization Services Attorney**
Noticing INS Attorney
Email: usafls-immigration@usdoj.gov